# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY,<br><br>  vs.<br>MOSTAFA ABDOU,<br>                                        Plaintiff,<br><br>                                        Defendant. | CASE NO. 15cv80-LAB (KSC)<br><br>**ORDER ON MOTION TO ALTER JUDGMENT** |

This case arises from a professional liability insurance policy that Columbia Casualty issued. Mostafa Abdou sought coverage under the insurance policy after one of his clients—Joseph Mercola—sued him. Columbia provided coverage subject to a reservation of rights, and brought this action seeking a declaratory judgment as to its responsibilities under the policy.

The plain language of the policy excludes from coverage claims that are based upon, directly or indirectly arising out of, or in any way involving: a life insurance policy that is paid for through a premium finance mechanism; or representations made about future premium payments. The lawsuit against Abdou falls squarely within these exclusions, so there was no potential for coverage, and the Court granted summary judgment in Columbia's favor. (Docket no. 41 at 5–6.) The Court didn't, however, address Columbia's request for reimbursement of the defense costs it had already expended on the uncovered claim. So

Columbia filed a motion to alter the judgment. (Docket no. 43.) The Court ordered Columbia to submit documentation substantiating the reimbursement it seeks, and ordered briefing on the reimbursement issue. (Docket no. 44.) A flurry of briefing followed, including significant briefing on issues unrelated to reimbursement. (*See* Docket nos. 48, 50–54, 56–59.) A hearing was held on August 15, 2016.

**Amendment of the Judgment to Address Request for Reimbursement**

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order. "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks omitted). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Id.* Amendment of a judgment is necessary to prevent manifest injustice where, as here, the Court finds that claims against an insured aren't potentially covered, but doesn't address the insurer's request for reimbursement. *See Colony Ins. Co. v. Fladseth*, 2013 WL 3187938, at *2 (N.D. Cal. June 21, 2013) ("Amendment of the judgment is necessary here pursuant to Federal Rule of Civil Procedure 59(e) to correct the Court's failure to address Plaintiff's request for reimbursement, and to prevent manifest injustice to Plaintiff caused by requiring it to pay Defendants' defense costs even though it has no contractual obligation to do so.").

Columbia's complaint didn't specifically seek damages; it sought declaratory relief and "such additional . . . relief as the Court finds appropriate." (Docket no. 1 at 5.) But 28 U.S.C. § 2202 permits "declaratory judgment [to] be used as a predicate to further relief." *Powell v. McCormack*, 395 U.S. 486, 499 (1969). And "[c]ourts have consistently given effect to the purpose of Section 2202 by allowing parties to obtain further relief based on a declaratory judgment, even when such relief was not originally sought." *Bench Billboard Co. v. City of Covington, Ky.*, 2012 WL 2919158, at *4 (E.D. Ky. July 17, 2012) (collecting cases); *see also*

*United Teacher Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 573 (5th Cir. 2005) (permitting award of damages where the party's "request for further relief . . . flowed from, and was consistent with, the declaratory judgment entered in its favor."). Even absent a specific demand for money damages in its complaint, Columbia's request for reimbursement qualifies as "proper relief" under § 2202. *See Hewlett Packard Co. v. Ace Prop. & Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 145065 (N.D. Cal. Dec. 15, 2010).

**Entitlement to Reimbursement**

The Court's jurisdiction is based on diversity, and no party suggests that the law of any state other than California should apply, so California law governs. *See Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002) ( "When a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law."); *Washington Mutual Bank, FA v. Superior Court*, 24 Cal.4th 906, 919 (2001) ("Generally speaking the forum will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state." (internal brackets and quotation marks omitted)). "California law clearly allows insurers to be reimbursed for attorney's fees and other expenses paid in defending insureds against claims for which there was no obligation to defend." *Buss v. Superior Court*, 16 Cal.4th 35, 51 (1997) (internal quotation marks omitted). *Buss* explains that, under the law of restitution, the insured has been "enriched" through the insurer's bearing of unbargained-for defense costs, and the enrichment "must be deemed unjust." *Id.* at 777 (internal quotation marks omitted). An insurer that properly reserves its rights is entitled to reimbursement of defense costs it never owed as a matter of law. *Id.* at 776. This principle holds true even where the insurance policy doesn't provide for reimbursement. *Great Am. Ins. Co. v. Chang*, 2013 WL 5949619, *3 (N.D. Cal. Nov. 6, 2013) (holding insurer is entitled to be reimbursed for nearly $900,000 that it advanced under a reservation of rights even though the underlying policy didn't provide for reimbursement).

Columbia adequately reserved its right to assert noncoverage and seek reimbursement. (*See* Docket no. 30-2, Exhibit E ("Columbia will provide a defense to Abdou for the claim by Dr. Mercola, subject to a complete reservation of rights, including the right

to withdraw from the defense and/or to seek the reimbursement of defense costs paid by Columbia."); Docket no. 31, ¶ 13); *see also Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489, 498 (2001) ("An insurer can reserve its right to assert noncoverage unilaterally merely by giving notice to the insured. By accepting the insurer's defense under these circumstances, the insured is deemed to have accepted this condition." (internal citation omitted)).

Columbia submitted declarations by its claim consultant (Docket nos. 43-2 and 53-2); cancelled checks made to Abdou's defense counsel (Docket no. 48-2), and invoices from Abdou's defense counsel (Docket no. 61). The first two forms of evidence are each independently sufficient to establish that Columbia is entitled to reimbursement of $273,923.56 from Abdou. Abdou doesn't provide any evidence to call into question the amount Columbia seeks. He contends that he isn't able to because he "has not received any of the fee bill invoices and is therefore unable to evaluate, much less dispute or challenge the necessity or reasonableness of the fees and expenses." (Docket no. 50 at 17.) This isn't a case where Abdou needs discovery to determine the amount Columbia paid his counsel to defend against Mercola's claims. Abdou could simply ask his lawyers whether Columbia's figure is correct. Indeed, one of his attorneys in the underlying action also represents him in this case.

**Abdou's Reading of Loss Doesn't Change the Result**

Abdou argues that Columbia must pay his defense costs because the exclusions only exempt for "**Loss**," i.e. "*monetary settlements or monetary judgments (including any award of pre-judgment and post-judgment interest) and **Defense Costs** for which the **Insured** is legally obligated to pay on account of a covered **Claim**.*" (Docket no. 11-2, policy at 4, 14–17 (emphasis added).) According to his argument, the exclusions render uncovered any judgment or settlement that Mercola obtains against Abdou, but not the costs of defending Abdou against Mercola's claims, because the defense costs "are not those which the insured is legally obligated to pay." This argument has some facial appeal, but it is specious. Under the policy's definitions, "**Defense Costs**" refers basically to what it costs to defend claims against Abdou if he's sued in relation to his professional services. (Docket no. 11-2, policy

at 3–7.)[1]  At first blush this language seems to make no sense.  Abdou—the insured—does not appear "legally obligated" to pay *any* "**Defense Costs**" that are "on account of a covered **Claim**" because he doesn't necessarily have to defend himself, and if the claim is covered, then Columbia would pay.

In context, however, the "**Loss**" definition that Abdou relies on sets forth the expenses that the insured might be liable for as a result of a claim, and that the insurer will be required to reimburse *if* the claim is covered.  An insured might be liable for settlements or judgments against him, and *if* the claim is covered under the policy, the insurer will have to pay.  Likewise, an insured might hire an attorney to defend against the claim.  In that case, he'll be liable to his attorney to pay his fees and costs; but *if* the claim is covered, the insurer foots the bill.  Under the relevant exclusions, however, the insured isn't required to pay for the "**Loss**," even if the claim is covered.  Thus, by eliminating the insured's liability for any "**Loss**," the exclusions eliminate Columbia's liability for any monetary settlements or monetary judgments that come from Mercola's claims.  They also eliminate Columbia's duty to pay Abdou's attorneys for defending against Mercola's claims.

"Courts must interpret contractual language in a manner which gives force and effect to every provision, and not in a way which renders some clauses nugatory, inoperative or meaningless." *The Ratcliff Architects v. Vanir Constr. Mgmt., Inc*., 88 Cal. App. 4th 595, 602 (2001).  The Court's interpretation of the policy's "**Loss**" definition follows this maxim; Abdou's doesn't.  Moreover, the Court's interpretation is consistent with California law regarding when an insurer owes coverage.  An insurer must defend against claims that are potentially covered.  *See, e.g, Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 299 (1993).  But "in an action wherein none of the claims is even potentially covered, the insurer does not have a duty to defend." *Buss*, 16 Cal. 4th at 47.  "The insurer has not contracted to pay defense costs for claims that are not even potentially covered." *Id*.; *see also* 14

---

[1] "**Defense Costs**" is defined to mean "reasonable and necessary fees and expenses incurred by or at the direction of the Insurer in defense of any **Claim**." "**Claim**" is defined to mean demands or proceedings "against an **Insured** for a **Wrongful Act**."  And "**Wrongful Act**" is defined to mean "any negligent act, error or omission of, or **Personal Injury** caused by, the **Insureds** in rendering or failing to render **Professional Services**."

Couch on Ins. § 201: 11 (Third Edition) ('[A] duty to defend arises only when there is potential coverage under the policy."). There's no potential for coverage, so Columbia need not pay for Abdou's defense.

### Abdou's Remaining Arguments Don't Change the Result

Abdou raises several arguments in response to Columbia's request for reimbursement. None change the result. (Docket no. 41 at 6 (granting summary judgment based on a comparison of Mercola's complaint and the terms of the insurance policy, and citing to Abdou's previous brief *only* to show that he agreed with the Court's interpretation before expediency clouded his judgment); *cf. Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (courts have discretion to consider statements made in briefs to be binding judicial admissions); *Morrow v. City of Oakland*, 2013 WL 841280, at *2 (N.D. Cal. Mar. 6, 2013) ("[J]ust because a fact is not included in the joint statement does not mean that the court cannot consider it."); Fed. R. Evid. 201 (The court "may take judicial notice on its own" of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Abdou contends that Columbia should have included its evidence regarding amounts paid to his attorneys with its summary judgment filing. (Docket no. 50 at 10.) But most of the checks were issues after that filing. Columbia couldn't have known how much it would pay Abdou's attorneys between the time it moved for summary judgment and the time the Court granted the motion. The evidence it had at the time was incomplete with respect to the amount of reimbursement owed, and therefore not helpful to the reimbursement analysis.

### Request to Stay Reimbursement While Abdou Appeals

Abdou requests that the Court stay its reimbursement order while Abdou appeals. (*Id.* at 2, 23.) In determining whether to issue a stay, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The Ninth Circuit applies the *Hilton* factors by requiring the party seeking a stay to show either (1) "a strong likelihood of success on the merits [of its appeal] and the possibility of irreparable harm," or (2) "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (internal quotation marks omitted).  These two alternatives "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Golden Gate Rest. Ass'n,* 512 F.3d at 1116 (internal quotation marks omitted).  A court must "consider where the public interest lies separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay." *Id*. (internal quotation marks omitted).

Abdou hasn't made the required showing.  Even if he had made some showing regarding factors two, three, and four, it would be undone by his low likelihood of success on the merits.

**Conclusion**

Columbia's motion for further relief and to alter or amend judgment (Docket no. 43) is **GRANTED**.  The Clerk shall enter an amended judgment providing that Columbia shall recover $273,923.56 from Abdou, and postjudgment interest shall accrue on this amount until it is paid in full.  Abdou's request to stay reimbursement while he appeals is **DENIED**.

**IT IS SO ORDERED**.

DATED:  August 18, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge